UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 14-168 |
| FRANKIE HOOKFIN | SECTION I |

### ORDER

Before the Court is petitioner Frankie Hookfin's ("Hookfin") motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Hookfin's motion is untimely, and it is, therefore, denied.

### I.

On September 22, 2015, Hookfin pleaded guilty to one count of conspiracy to possess with the intent to distribute and to distribute one kilogram or more of heroin and 280 grams or more of cocaine base and one count of using a firearm during and in relation to the commission of a drug trafficking crime that resulted in the death of an individual.[2] On April 21, 2016, the Court sentenced Hookfin to a term of imprisonment of 420 months.[3] Hookfin timely appealed his sentence and conviction.[4] However, Hookfin's appeal was dismissed, pursuant to his own motion, on August 25, 2016.[5]

---

[1] R. Doc. No. 859.
[2] R. Doc. No. 415; *see also* R. Doc. No. 416.
[3] R. Doc. No. 717.
[4] R. Doc. No. 741.
[5] R. Doc. No. 785. The notice of appeal filed by Hookfin's counsel states: "This [n]otice is being filed solely in an abundance of caution since written confirmation of Mr. Hookfin's desire not to appeal via United States mail has not yet been received and counsel is aware that failure to give notice by today would result in forfeiture of

## II.

Petitions for habeas relief brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This limitation period runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The first of these dates is the only one relevant here.[6] As stated, Hookfin was sentenced on April 21, 2016 and he filed an appeal that was dismissed upon his own

---

appellate rights. It is anticipated that this Notice will likely be withdrawn shortly, as soon as the delayed documentation is received by [his attorney's] office." R. Doc. No. 741.

[6] Hookfin's petition makes claims of ineffective assistance of counsel and actual innocence. Hookfin also asserts that his plea was involuntary and unknowing and that the case against him was based on perjured testimony.

Hookfin does not argue that the government impeded his ability to file a timely motion in violation of the Constitution or laws of the United States. He does not rely on any right newly recognized by the Supreme Court and made retroactively applicable on collateral review. He does not present any facts supporting his claims

2

motion on August 25, 2016. Hookfin filed the instant petition nearly two years later, on July 12, 2018.[7] Hookfin's petition is untimely, as it was not filed—by any calculation—within one year of the date on which the judgment of his conviction became final.[8]

Finally, the Court notes that Hookfin's petition is not subject to equitable tolling. The Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period is subject to equitable tolling, but only "in rare and exceptional

---

that could not have been discovered through the exercise of due diligence by the time his conviction became final. *See* R. Doc. No. 859.

[7] Hookfin's petition is dated July 9, 2018, but even using this earlier date, the Court's conclusion remains the same: Hookfin's petition is untimely.

[8] The Court acknowledges that there is some disagreement as to when a conviction becomes final when a defendant files and then voluntarily dismisses a direct appeal. *Compare Latham v. United States*, 527 F.3d 651, 652 (7th Cir. 2008) *with United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) *and United States v. Parker*, 416 F. App'x 132, 2011 WL 767740, at *1 (3d Cir. 2011); *see also* S. CT. R. 13 (providing for a 90-day period to file petitions for writ of certiorari).

The Fifth Circuit has not definitively addressed the issue. *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) ("[I]t may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible and, thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 2255, although at least one court has taken a contrary view.") (referencing *Latham* as the court with the contrary view); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari.").

The Court need not resolve this issue, however, as Hookfin's petition is untimely under either framework. If Hookfin's conviction became final on August 25, 2016—the date he dismissed his appeal—his § 2255 petition must have been filed no later than August 25, 2017 in order to be considered timely. If Hookfin's conviction became final on November 23, 2016—the date he dismissed his appeal plus 90 days for the filing of a petition for certiorari—his petition must have been filed no later than November 23, 2017 in order to be considered timely.

3

circumstances." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "A § 2255 motion is subject to equitable tolling upon a federal prisoner's showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way'" of filing his motion timely. *United State v. Taylor*, 14-192, 2018 WL 3619438, at *2 (E.D. La. July 30, 2018) (Fallon, J.) (quoting *Petty*, 530 F.3d at 364–65). The Fifth Circuit has found equitable tolling appropriate when the petitioner has been misled by the district court about the filing of his petition, but it has not found it appropriate due to a petitioner's *pro se* status. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citations omitted). An "actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Hookfin has not asserted any reason for his inability to timely file his petition, let alone an exceptional circumstance that prevented a timely application. Therefore, he cannot benefit from equitable tolling.

Accordingly,

**IT IS ORDERED** that Hookfin's motion is **DENIED** as untimely and that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 29, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

4