# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 14-168 |
| FRANKIE HOOKFIN | SECTION I |

## ORDER & REASONS

Before the Court is petitioner Frankie Hookfin's ("Hookfin") petition[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Hookfin's petition is a second or successive petition that must be certified by the U.S. Fifth Circuit Court of Appeals before it may be considered by this Court. *See* 28 U.S.C. § 2255(h). This Court has not been granted such authorization and, therefore, it lacks jurisdiction to consider Hookfin's petition at this time.

## I.

On September 22, 2015, Hookfin pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute one kilogram or more of heroin and 280 grams or more of cocaine base and one count of knowingly using and carrying a firearm during and in relation to the commission of a drug trafficking crime that resulted in the death of an individual.[2] On April 21, 2016, the Court sentenced Hookfin to a term of imprisonment of 420 months.[3] Hookfin timely appealed his

---

[1] R. Doc. No. 873.
[2] R. Doc. No. 414; *see* R. Doc. Nos. 415–16.
[3] R. Doc. No. 717; *see* R. Doc. No. 174.

sentence and conviction.[4] However, Hookfin's appeal was dismissed, pursuant to his own motion, on August 25, 2016.[5]

On August 12, 2018, Hookfin filed his first motion to vacate his sentence pursuant to § 2255.[6] On October 29, 2018, this Court dismissed Hookfin's first § 2255 motion with prejudice because the motion was untimely.[7] Hookfin filed the present motion on July 24, 2019.[8]

## II.

Title 28, United States Code, Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence, in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). However, a district court should not "entertain an application for a writ of habeas corpus to inquire into the detention of a person . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

---

[4] R. Doc. No. 741.
[5] R. Doc. No. 785.
[6] R. Doc. No. 859.
[7] R. Doc. No. 869.
[8] *See* R. Doc. No. 873.

2

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court." *United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)). "A petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'" *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

"A second-in-time petition does not necessarily equate to one which is successive within the meaning of § 2255." *United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). "Instead, 'a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Id.* (quoting *Cain*, 137 F.3d at 235).

In his first petition pursuant to § 2255, Hookfin asserted five grounds for relief. In the first ground for relief, Hookfin claimed ineffective assistance of counsel based on his counsel's alleged conflict of interest.[9] Second, Hookfin alleged actual innocence, more specifically asserting that count fourteen in the indictment wrongly charged him with possession of heroin when that charge actually stemmed from a state charge for possession of cocaine.[10] In his third ground for relief, Hookfin alleged

---

[9] R. Doc. No. 859, at 2.
[10] *Id.* at 3; *see* R. Doc. No. 1, at 7–8 (indictment); *see also* R. Doc. No. 174, at 8 (superseding indictment alleging the same violation).

3

ineffective assistance of counsel for lack of preparation, specifically alleging that his attorney failed to be present and review the presentence investigation report, "failed to turn over discovery" to the government, and wrongly informed the Court that Hookfin rejected a plea offer when, he alleges, no plea offer had been communicated to him by his counsel.[11] In ground four of his motion, Hookfin alleged involuntary, unintelligent, and unknowing plea bargaining and sentencing, specifically asserting that the government unlawfully secured his indictment by "pressuring perjured testimony" before the grand jury and that the government tried to coerce him to plead guilty by telling him that his state sentence would run consecutive to his federal sentence if he did not plead guilty.[12] Hookfin also asserts that he advised the Court that he was on Neurontin when he pled guilty, but he "really didn't know so much pressure was on [him]."[13] As a fifth ground, Hookfin asserted that his criminal case was built on the perjured testimony of Isaac Smith and witnesses "coached by the government."[14] As stated previously, the Court did not reach the merits of Hookfin's claims because the Court dismissed his first petition with prejudice for being untimely.[15]

In Hookfin's second petition pursuant to § 2255, currently before the Court, he alleges that (1) the Court violated his Fifth Amendment right to Due Process by

---

[11] R. Doc. No. 859, at 4.
[12] *Id.* at 5.
[13] *Id.* Hookfin advised the Court that the Neurontin did not affect his understanding of the proceeding. *Id.*; *see* R. Doc. No. 677, at 4.
[14] R. Doc. No. 859, at 5.
[15] *See* R. Doc. No. 869.

4

misapplying the "relevant conduct" provisions of the U.S. Sentencing Guidelines, as a result of his counsel's ineffectiveness in failing to raise the issue before he pled guilty, and (2) the prosecution allowed its chief witness, Isaac Smith, to testify falsely, in violation of Hookfin's Fifth, Sixth, and Fourteenth Amendment rights.[16]

Hookfin acknowledges in his second petition that his conviction became final over a year ago, but he asserts that the statute of limitations should not bar his petition, arguing that:

> [T]he present motion relies on newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found movant guilty of the offense, or imposed a sentence in violation of [his] 5th [A]mendment due process rights by misapplying "relevant conduct" provisions of [the] U.S. sentencing guidelines, as a result of counsel's ineffectiveness.[17]

The Court will address each of Hookfin's claims in turn.

Hookfin's first claim in his second petition was not raised in his first § 2255 petition. While he argues that new evidence will establish that his constitutional rights were violated, he has failed to present any new evidence in connection with his first claim or explain what new evidence, if any, he has obtained. Hookfin has also failed to explain why his claim related to the Court's application of sentencing guidelines could not have been raised in his first petition. With respect to Hookfin's second claim related to the testimony of witness Isaac Smith, it is clear that Hookfin asserted this claim in his first petition.

---

[16] R. Doc. No. 873, at 6; R. Doc. No. 873-1, at 2–3.
[17] R. Doc. No. 873, at 6.

5

Because Hookfin's second § 2255 petition raises claims challenging his conviction or sentence that were or could have been raised in an earlier petition, it is a second or successive § 2255 petition. Therefore, this Court lacks jurisdiction to consider it in the first instance. *See* 28 U.S.C. § 2255(h). Hookfin's petition has not been certified by the Fifth Circuit in accordance with § 2244 and § 2255(h) and, therefore, it must be dismissed for lack of jurisdiction. *See In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) ("If a second or successive section 2255 motion is filed in the district court before leave of [the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Fifth Circuit].").

Accordingly,

**IT IS ORDERED** that Hookfin's second § 2255 petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana, July 31, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**